Detention Order Pending Trial

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA

Case No: 12-30273-02

v.

PATRICK RAY SHEPPARD,

  *Defendant.*
_____/

## DETENTION ORDER PENDING TRIAL

After conducting a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f), I conclude that these facts require that Defendant be detained pending trial.

**Part I - Findings of Fact**

**A.  Motion to Detain (18 U.S.C. §§ 3142(a) and 3142(f)(1))**

<u>XX</u>  (1)  The Government moved for detention at Defendant's first appearance pursuant to:

  <u>XX</u>  18 U.S.C. § 3142(f)(1).

  __  18 U.S.C. § 3142(f)(2).

__  (2)  A detention hearing was held on this judicial officer's motion pursuant to 18 U.S.C. § 3142(f)(2).  See part D for findings.

**B.  Rebuttable Presumption – Defendant on Release Pending Trial (18 U.S.C. §3142(e)(2))**

__  (1)  Defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1), and has previously been convicted of a crime listed in 18 U.S.C. § 3142(f)(1), or comparable state or local offense.

__  (2)  The offense described in finding was committed while Defendant was on release pending trial for a federal, state or local offense.

__ (3) A period of less than five years has elapsed since

    __ the date of conviction, **or**

    __ Defendant's release from prison for the offense described in finding (B)(1).

__ (4) Findings (B)(1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of another person or the community.

C. **Rebuttable Presumption – Probable Cause (18 U.S.C. § 3142(e)(3))**

There is probable cause to believe that Defendant has committed an offense:

    __ for which a maximum prison term of ten years or more is prescribed in the _____[1], **or**

    __ under 18 U.S.C. § 924(c), 18 U.S.C. § 956(a) or 18 U.S.C. § 2332b, **or**

    __ listed in 18 U.S.C. § 2332b(g)(5) (federal crimes of terrorism) for which the prison term is 10 or more years, **or**

    __ listed in 18 U.S.C. §§ 1581-1594 (slavery or trafficking in persons), **or**

    __ involving a minor victim listed in 18 U.S.C. § 3142(e)(3)(E).

    __ the probable cause findings above establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of another person or the community.

D. **Findings Pursuant to 18 U.S.C. § 3142(f)(2)**

__ (1) There is a serious risk that Defendant will not appear.

__ (2) There is a serious risk that Defendant will endanger the safety of another person or the community.

---

[1] Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

**Part II - Statement of the Reasons for Detention**

I find that the testimony and information submitted at the detention hearing establishes:

__        by clear and convincing evidence that, for the reasons set forth below, there is no condition or combination of conditions which will reasonably assure the safety of the community; **or**

__        by a preponderance of the evidence that, for the reasons set forth below, there is no condition or combination of conditions which will reasonably assure Defendant's appearance; **or**

XX        both of the above.

**Statement of reasons for detention pursuant to 42 U.S.C. § 3142(i):**

The Government timely moves to detain, noting that the crime charged is a crime of violence within the meaning of the Bail Reform Act. I conclude that the Government is correct, and that the Government has complied with the conditions required to bring this motion. None of the presumptions in favor of detention have been cited, and I find that none apply. I will therefore consider Defendant's circumstances under the standards set forth in 18 U.S.C. § 3142(g).

As to subsection (g)(1), as noted, the crime charged is a crime of violence. As to subsection (g)(2), I find from review of the affidavit supporting the criminal complaint that there is a definite weight of evidence as to the a charges made against Defendant.

As to subsection (g)(3), I note that Defendant is 23 years of age and has lived with a girlfriend at an address in Saginaw since June 2011. Prior to that time, he lived at various addresses in the Detroit area and in Akron, Ohio. Defendant is not married and he has one child. During the summer of 2011, he was employed on a cash basis doing lawn work and other odd jobs. He also worked for a fast food establishment for three months in 2011. Defendant reported to Pretrial Services that he has very few assets and receives foodstamp assistance.

Defendant conceded to Pretrial Services that he began using marijuana seven years ago at age 16. He stated that his last use of marijuana was two months ago and that he used marijuana two to three times a week. There are four misdemeanor warrants for Defendant presently outstanding from state courts in the Detroit area for failures to appear alleged to have taken place in March and December 2010. There is also a civil bench warrant from Saginaw, which was recently issued for alleged failure to appear in a civil infraction driving matter.

In 2006 when Defendant was 17, he pleaded guilty to disturbing the peace. In 2009, at age 19, Defendant pleaded guilty to retail fraud and was sentenced to 90 days in jail. Six months later, Defendant pleaded guilty to attempted home invasion, second offense. He was placed on Holmes Youthful Trainee status and ultimately served six months in jail. The Pretrial Services report correctly notes that Defendant was on probation from other offenses at the time of this offense. Approximately 1 year later, while still on probation, Defendant pleaded guilty to being a disorderly person. Thirteen months later, at age 22, Defendant was charged with breaking and entering. The case was dismissed because one witness was deceased and the victim became unavailable. One month later, Defendant was charged with breaking and entering with intent. He pleaded no contest to felony larceny in a building on March 7, 2012, and was sentenced to 24 months' probation. In January of this year, Defendant pleaded guilty to driving while his license was suspended. In March of this year, he pleaded guilty to possession of marijuana and paid fines and costs.

The sworn affidavit supporting the criminal complaint in this case states that on March 27, 2012, less than three weeks after Defendant pleaded guilty to the marijuana and felony larceny in a building charges, the United Financial Credit Union in Saginaw was robbed for the second time in three months by two individuals, including Defendant. They were seen getting into a vehicle driven by a third person. Three days later,

according to the affidavit, an off-duty Saginaw County sheriff's deputy learned that a robbery was in progress at a Fifth Third Bank in Owosso. The deputy witnessed two people run from the bank and enter a vehicle driven by a third person. The deputy followed the suspect vehicle until a marked police unit endeavored to pull over the suspect vehicle, but a chase ensued which continued into Saginaw County. Defendant and two co-conspirators were arrested. During her proffer, the Assistant United States Attorney represented that, during the chase, items were thrown from the vehicle, including a handgun that is described in the affidavit as having a unique configuration that can be seen in the films of the of bank robberies.

Counsel for Defendant represented that bond conditions could be fashioned, arguing that Defendant does not pose a risk of flight as he has appeared for all of prior criminal matters and that he can abide by conditions of bond while living with his girlfriend during pendency this case. Defense counsel's representations relating to risk of flight, however, appear to be belied by the report of Pretrial Services, which lists a total of five outstanding warrants for failure to appear in matters much less serious than those charged in this case. In addition, as correctly pointed out by the Government, Defendant's criminal history shows a consistent pattern of criminal conduct while Defendant was on bond or probation from previous convictions, a factor I am required to consider under the Bail Reform Act.

In addition, the allegations contained in the criminal complaint specifically relating to Defendant took place less than three weeks after Defendant was sentenced and placed on probation for the previously described breaking and entering charge and occurred within days of Defendant's guilty plea on the controlled substances violation previously described.

As a result of Defendant's consistent history of criminal activity while on bond, coupled with the his repeated failure to appear for matters less serious than those which

bring him here, I conclude that there are no conditions nor any combination of conditions that would reasonably assure the safety of the community or the Defendant's appearance. In making this finding, I note specifically the consistent use of weapons by Defendant's co-conspirator during the bank robberies alleged in the criminal complaint. For all these reasons, the Government's motion to detain will be **GRANTED.**

**Part III - Directions Regarding Detention**

Defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. Defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver Defendant to the United States marshal for a court appearance.

Review of this order is governed by 18 U.S.C. § 3145 and E.D. Mich. L.R. 57.2.

Dated: May 10, 2012

s/ *Charles E Binder*
CHARLES E. BINDER
United States Magistrate Judge

**CERTIFICATION**

I hereby certify that this Order was electronically filed this date, electronically served on Libby Dill and Russ Perry, and served on Pretrial Services and the U.S. Marshal's Service in the traditional manner.

Date: May 10, 2012        By      s/*Jean L. Broucek*
                                  Case Manager to Magistrate Judge Binder